

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**
190 Willis Avenue, Mineola, NY 11501 • T. 516.747.0300
www.meltzerlippe.com

Max Rayetsky, Esq.
(516) 747-0300 Ext. 239
mrayetsky@meltzerlippe.com

November 21, 2022

<u>**Via ECF Only**</u>

The Honorable Lee G. Dunst
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 830
Central Islip, New York 11722

      Re:    **Seaford Avenue Corp. v. ION Insurance Company**
                *(U.S.D.C., E.D.N.Y., Case No.: 2:22-cv-03449 (JS)(LGD))*

Dear Justice Dunst:

      Our firm represents Plaintiff, Seaford Avenue Corp. ("Seaford" or "Plaintiff"), in the above-referenced action (the "Action"). Pursuant to Your Honor's Status Report Order, issued on November 14, 2022 (the "Order"), we respectfully submit this letter jointly and with the consent of Defendant, ION Insurance Company, Inc. ("ION" or "Defendant"), setting forth each party's respective position regarding Seaford's currently pending Motion for Default Judgment in this Action (ECF Doc. No. 18, the "Motion").

      **I.**    **Seaford's Position**

      In short, while we understand that default judgments are generally disfavored, we, nevertheless, respectfully request this Court to consider the Motion as Seaford has been adversely and severely affected by ION's complete and, seemingly, purposeful lack of response to the matter before this Court over the course of almost 6 months.

      Specifically, on April 6, 2022, more than two months before the commencement of this Action, our firm served upon ION a Notice of Claim and Demand for Payment ("Notice of Claim") in the sum of $270,526.43 – the amount that, to date, remains entirely undisputed. ION chose to ignore the Notice of Claim, thereby forcing Seaford to commence this Action on June 21, 2022 to recover, *inter alia*, $270,526.43 in damages for ION's breach of its payment bond issued for the

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**

The Honorable Lee G. Dunst
United States Magistrate Judge
United States District Court
November 21, 2022
Page 2

subject construction project and attorneys' fees under Section 137 of the New York Finance Law[1] (ECF Doc. No. 1). ION's time to answer, move or otherwise appear in the Action expired on July 29, 2022. Once again, ION utterly failed to respond to, let alone raise any defenses, meritorious or otherwise, to the Complaint, or otherwise appear in the Action by July 29, 2022.

As a result of ION's default, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure ("FRCP"), on August 26, 2022, ION made an application with the Clerk of this Court for a Certificate of Default against ION (ECF Doc. No. 15). The Clerk duly issued and entered the requested Certificate of Default against ION on September 12, 2022 (ECF Doc. No. 15). However, yet again, ION chose to ignore the entered default, thereby forcing Seaford to make yet another application for default judgment under Rule 55(b) of the FRCP. It was only after Seaford filed its second motion that, four weeks later, ION decided to retain legal counsel and file an untimely answer (ECF Doc. No. 20.) Of importance, while ION's belated answer sets forth purported "boiler plate" defenses, none of such alleged defenses are meritorious.

As a result of ION's intentional (or, at the very least, grossly negligent) decision to ignore Seaford's Notice of Claim, Complaint, and its two default-related applications, Seaford has incurred in excess of $7,000 to apply for a default judgment against ION. In addition, as a result of the same transgressions by ION over the course of almost 6 months, Seaford has lost significant time to enforce its rights and recoup its damages. For these reasons, and the reasons and authorities set forth in Seaford's Motion, we respectfully request the Court to consider the Motion and grant it in its entirety in Seaford's favor and against ION.

## II.    ION's Position[2]

Defendant ION Insurance Company, Inc. ("Defendant" or "ION") respectfully requests that this Court not entertain Plaintiff Seaford Avenue Corp.'s ("Plaintiff") needless default judgment motion ("Motion"). [ECF 18]. This matter relates to a Payment Bond issued by Defendant to the Housing Trust Fund Corporation ("HTFC"), acting through the New York State Governor's Office of Storm Recovery ("GOSR"), and DRG Construction, LLC ("DRG") for a construction project in the Township of Hempstead (the "Project"). Plaintiff was retained by DRG to perform work on the Project but, after claiming it had not been paid for services performed, Plaintiff brought this action against ION seeking direct payment under the Payment Bond as a third-party beneficiary.

---

[1] State Finance Law § 137(c) provides, in pertinent part, that "in any action on payment bond … any judgment in favor of a subcontractor or material supplier … the court may determine and award reasonable attorney's fee to either party to such action when, upon reviewing the entire record, it appears that either the original claim or the defense interposed to such claim is without substantial basis in fact or law."

[2] ION's position statement was provided to our office by Marshall Dworkin, Esq. of the law firm of Moritt, Hock & Hamroff LLP, the attorneys for ION in this Action, by email, dated November 20, 2022. Our office has incorporated ION's November 20th position statement into this letter verbatim without modifying any of its language.

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**

The Honorable Lee G. Dunst
United States Magistrate Judge
United States District Court
November 21, 2022
Page 3

Since Defendant filed its Answer in this matter on November 4, 2022, Defendant's counsel has made several requests to Plaintiff's counsel to set aside the default and withdraw the pending Motion so this matter can proceed with litigation on the merits. Defendant's counsel made this request on November 4, after the Answer was filed, on November 7, when the Court issued its Scheduling Order[3], and on November 15, after the Court issued the November 14, 2022, Status Report Order ("Status Order"). Each time, Plaintiff's counsel refused to stipulate on the sole basis that Plaintiff chose to expend time and money seeking default and default judgement and wanted to see the Motion through.

Plaintiff's refusal to stipulate is particularly frustrating and suspicious because Plaintiff has also filed a complaint against DRG in New York State Court relating to the Project and seeking the same amount in damages as it seeks in this matter. *See Seaford Avenue Corp. v. DRG Construction LLC*, Supreme Court of New York, County of Nassau, Index No. 607594/2022 ("DRG Matter"). In the DRG Matter, Plaintiff has also moved for default judgment, which is also currently pending. Rather than join all relevant and necessary parties into one action, Plaintiff appears to be attempting to silo each party and action in an effort to receive double recovery on its claim.

In addition to this matter and the DRG Matter, Plaintiff also filed an Article 78 Proceeding against HTFC demanding it enter Petitioner's Mechanic's Lien on its lien book ("Article 78 Proceeding"). *See Seaford Avenue Corp., v. Housing Trust Fund Corporation and New York State Governor's Office of Storm Recovery*, Supreme Court of New York, County of New York, Index No. 154915/2022. Though all three matters were filed on the same day, Plaintiff failed to notify the Court or counsel of the DRG Matter or the Article 78 Proceeding or identify those actions as Related Cases in the Civil Cover Sheet which accompanied Plaintiff's Complaint in this matter. Consolidating one or more of these matters would have saved judicial resources and prevented inconsistent judgments.

As this Court noted in the Status Order, "defaults are generally disfavored and are reserved for rare occasions" and "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *see Am. Empire Surplus Lines Ins. Co. v. Concord Restoration Inc.*, No. 20-CV-2341, 2022 WL 950432, *4 (E.D.NY. Mar. 30, 2022) (vacating entry of default and denying motion for default judgment against defendant who "filed a belated answer" – after entry of default and filing of default judgment motion – because of, among other things, "the strong public policy disfavoring default judgment").

In this case, there is good cause to set aside the Default entered against Defendant.[4] In determining good cause, courts consider: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is present. *See Enron*, 10 F.3d at 96.

---

[3] Plaintiff's counsel insisted that the Scheduling Order was an administrative error by the Court in light of the pending Motion. Since Defendant's counsel disagreed, the parties submitted the November 11, 2022, Joint Letter seeking clarification of the Court's position. [ECF 22].

[4] When a defaulted defendant opposes a motion for a default judgment, courts treat the opposition as a motion to vacate entry of the default. *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) (citations omitted).

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**

The Honorable Lee G. Dunst
United States Magistrate Judge
United States District Court
November 21, 2022
Page 4

To establish willfulness, "[m]ere carelessness or negligent errors by an attorney or clients do not constitute 'willfulness.'" *In re JWP Information Services,* 231 B.R. 209, 212 (Bankr. S.D.N.Y. 1999) (quotation omitted). After consulting with our client, we have learned that ION received the Complaint on or about July 18th and notified their San Antonio-based outside counsel, Jim Robinson III ("Robinson"), who is primarily a transactional attorney, on or about July 26th. On July 27th, Mr. Robinson contacted Jeffrey Lhuillier of Kushnick Pallaci, PLLC, who agreed to represent ION contingent on a conflict check. Mr. Lhuillier, however, never followed up with Mr. Robinson and the matter was unintentionally neglected. While Mr. Robinson claims he never received notice of the Default, he did receive Notice of the Motion and quickly retained Moritt Hock & Hamroff, LLP to represent ION in this matter. As such, there is no evidence of willfulness and Defendant's immediate effort to retain counsel makes clear it "was not willing to forfeit [its] rights." *Enron*, 10 F.3d at 98.

There is also no prejudice because delay alone "is not a sufficient basis for establishing prejudice." *David v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). Here, Plaintiff will not be prejudiced in any way. Plaintiff's counsel has already conceded the only reason Plaintiff will not agree to set aside the Default is that Plaintiff chose to spend legal fees and costs pursuing a default judgment. Conversely, this case is in its infancy and no discovery has taken place, and there is no reason to believe vacating the Default will increase the difficulties of discovery. Accordingly, there is no basis or showing that would allow this Court to make a finding of prejudice.

Finally, a defense is sufficiently meritorious if it gives "the factfinder some determination to make." *American Alliance Insurance Co. v. Eagle Insurance Co.*, 92 F.3d 57, 60 (2d Cir. 1996). Here, Plaintiff was denied payment by GOSR because it utilized improper equipment and violated standard practices which caused extensive damage to a sewer line. Moreover the work provided was outside the scope of the Payment Bond. Accordingly, Plaintiff is not currently due any payments under the Payment Bond. Additionally, Defendant intends to raise several issues relating to condition precedents that Plaintiff failed to satisfy and, potentially, amend the Answer as a matter of course to include relevant and necessary parties, such as DRG and GOSR. For these reasons, Defendant respectfully requests the Court set aside Defendant's Default, deny the Motion and permit the parties to litigate this matter on the merits.

Both parties would like thank the Court in advance for its time and assistance with this matter.

Very truly yours,

Max Rayetsky

Cc:     **All counsel of record (via ECF only)**