```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
Seaford Avenue Corp.,

                Plaintiff,                 MEMORANDUM & ORDER
                                           22-CV-3449 (JS)(LGD)
     -against-

ION Insurance Company, Inc.,

                Defendant.
---------------------------------X
APPEARANCES
For Plaintiff:      Manny A. Frade, Esq.
                    Max Rayetsky, Esq.
                    Meltzer, Lippe, Goldstein & Breitstone, LLP
                    190 Willis Avenue
                    Mineola, New York  11501

For Defendant:      Peter Bruce Zlotnick, Esq.
                    Marshall Dworkin, Esq.
                    Moritt Hock & Hamroff LLP
                    1407 Broadway, Suite 3900
                    New York, New York  10018
```

SEYBERT, District Judge:

Presently before the Court is Plaintiff's Motion for Default Judgment pursuant to Federal Rule of Civil Procedure (hereafter "FRCP") 55(b)(2). (See Mot., ECF No. 18.) Plaintiff seeks: (1) entry of default judgment against Defendant on the First and Second Counts asserted in its Complaint; and (2) an award of post-judgment interest pursuant to 28 U.S.C. § 1961. (Id. at 1.) Defendant opposes Plaintiff's Motion via letter to the Court and through the filing of a belated answer. (See Joint Letter, ECF No. 22; Am. Answer, ECF No. 24.) For the reasons that follow, Plaintiff's Motion for Default Judgment is DENIED.

BACKGROUND[1]

This case relates to a construction project as to which Plaintiff alleges it was retained to perform certain work but was not paid. Specifically, Plaintiff alleges that the "Governor's Office of Storm Recovery of the Housing Trust Fund Corporation (hereafter "GOSR"), as project owner and DRG Construction LLC (hereafter "DRG") as general contractor, entered into a written agreement" (hereafter the "Construction Contract") which required DRG to provide labor and materials in connection "with a public improvement construction project located at 255 Lawrence Avenue, Inwood, New York." (Scott Aff. ¶ 3.)

Defendant acted as "DRG's surety company in connection with the Project" and issued "GOSR a payment bond . . . in the amount of $5,404,363.04." (Id. at ¶ 4.) Subsequently, DRG retained Plaintiff "to perform emergency repair and replacement work [on] a defective sewer main at the Project in exchange for payment from DRG" in the amount of $270,526.43. (Id. at ¶¶ 5-6.) To date, Plaintiff alleges that it has not been paid, despite completing the work required. (Id. at ¶¶ 7-9.) As such, Plaintiff brings this case seeking payment from Defendant under the Payment Bond as a third-party beneficiary.

---

[1] The background and procedural facts are primarily drawn from: (1) the Affidavit of Michael Scott (see Scott Aff., ECF No. 18-11, attached to Mot.); (2) the Affidavit of Max Rayetsky, Esq. (see Rayetsky Aff., ECF No. 18-1, attached to Mot.); and (3) the Parties' Joint Letter to the Court.

2

PROCEDURAL HISTORY

Plaintiff filed its Complaint in this action on June 10, 2022. (See Case Docket; see also Rayetsky Aff. ¶ 4.) Thereafter, the Court issued a Summons on June 21, 2021. (Id. at ¶ 9.) Both the Summons and the Complaint were served upon Defendant "via the Superintendent of the New York State Department of Financial Service", first, on June 29, 2022, and, then, on July 8, 2022. (Id. at ¶¶ 10-11.) Defendant was required to file its Answer or otherwise respond to the Complaint by July 29, 2022; however, it failed to do so. (Id. at ¶¶ 12-13.)

Subsequently, on August 26, 2022, Plaintiff applied to the Clerk of the Court for a Certificate of Default against Defendant pursuant to FRCP 55. (See Request for Certificate of Default, ECF No. 14.) The Clerk's Entry of Default issued on September 12, 2022. (See Clerk's Entry of Default, ECF No. 15.) On October 7, 2022, Plaintiff filed the instant Motion; it was served upon Defendant on October 14, 2022. (See Mot.; Aff. Of Service, ECF No. 19.)

On November 4, 2022, while the instant Motion was pending, Defendant filed an Answer to the Complaint. (See Answer, ECF No. 20.) Accordingly, on November 7, 2022, Magistrate Judge Dunst scheduled an initial conference for January 10, 2022. (See LGD Nov. 7, 2022 Elec. Sch. Order.) A week later, the Magistrate Judge issued a Status Report Order to determine "whether Plaintiff

3

should maintain its default judgment motion." (See LGD Nov. 14, 2022, Status Report Order.) In response, Plaintiff avers that it has been "adversely and severely affected" by Defendant's failure to timely respond to the Complaint, and, as such, maintains its request that the Court adjudicate its Motion. (Joint Letter at 1.) Conversely, Defendant requested that the Court "not entertain" the Motion. (Id.)

Subsequently, on November 28, 2022, Defendant filed an Amended Answer with Counterclaims. (See generally Am. Answer.)

## ANALYSIS

I. Legal Standard

Motions for default judgment are governed by FRCP 55, which provides for a two-step process. See Priestley v. Headminder, Inc., 647 F.3d 497, 504-05 (2d Cir. 2011); New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005). Initially, the moving party must obtain a certificate of default from the Clerk of the Court. See Priestley, 647 F.3d at 497; see also FRCP 55(a). Once the certificate of default is issued, "the next step requires the plaintiff to seek a judgment by default under Rule 55(b)." Id.; see also FRCP 55(b). "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk -- on the plaintiff's request, with an affidavit showing the amount due -- must enter judgment for that amount . . . against a defendant who has been defaulted for not appearing."

FRCP 55(b)(1).  Otherwise, "the party must apply to the court for a default judgment."  FRCP 55(b)(2).

Under FRCP 55(c), a court "may set aside an entry of default for good cause."  Further, in the absence of a formal motion from a defendant pursuant to FRCP 55(c), the court may treat "opposition to a motion for a default judgment . . . as a motion to set aside the entry of a default."  Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981).  Generally, the filing of a belated answer is considered to be "tantamount to a motion to vacate a default." Am. Empire Surplus Lines Ins. Co. v. Concord Restoration Inc., No. 20-CV-2341, 2022 WL 950432, at *1 (E.D.N.Y. Mar. 30, 2022) (quoting Guangxi Nanning Baiyang Food Co. v. Long River Int'l, Inc., No. 09-CV-3059, 2010 WL 1257573, at *3 (S.D.N.Y. Mar. 30, 2010)); see also Cactus Paper, LLC v. Prestia, No. 14-CV-2180, 2014 WL 4966082, at *1 (Oct. 2, 2014) ("The filing of a late answer is analogous to a motion to vacate a default." (quoting John v. Sotheby's Inc., 141 F.R.D. 29, 35 (S.D.N.Y. 1992))).

II. Discussion

  A. Defendant Opposes Plaintiff's Motion for Default Judgment.

The Court construes Defendant's belatedly filed Answer and its opposition to Plaintiff's Motion, as detailed in the Joint Letter to the Court, as a motion to vacate the September entry of default pursuant to FRCP 55(c).  (See Joint Letter at 2-4; Am. Answer.)  See also Brady v. W. Overseas Corp., No. 04-CV-2878,

5

2008 WL 4936875, at *4 (E.D.N.Y. Nov. 14, 2008) (noting that where "there has been an entry of default by the Clerk, but no grant of default judgment" a motion to vacate entry of default "must be decided pursuant to [FRCP] 55(c), which provides for the setting aside of an entry of default for good cause"). Since deciding whether "good cause" exists is determinative, the Court will address this issue first.

B. <u>Good Cause Exists to Set Aside the Clerk's Entry of Default.</u>

"Good cause" is not defined in FRCP 55(c). <u>See</u> <u>Enron Oil Corp. v. Diakuhara</u>, 10 F.3d 90, 96 (2d. Cir. 1993). Consequently, the Second Circuit has "established three criteria that must be assessed in order to decide whether to relieve a party from default." <u>Id.</u> Those factors are: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." <u>Id.</u> "The dispositions of motions for entries of default . . . under Rule 55(c) are left to the sound discretion of [the] district court." <u>Id.</u> at 95. The standard to relieve a party from entry of default under Rule 55(c) is a relatively "lenient standard," in contrast to the heightened standard under Rule 60(b) for relief from a final default judgment. <u>Meehan</u>, 652 F.2d at 277; <u>see also</u> <u>Gov't Emps. Ins. Co. v. Five Boro Psych. Servs., P.C.</u>, No. 12-CV-2448, 2013 WL 12358694, at *3 (E.D.N.Y. Feb. 8, 2013) ("It is established that the good-cause test 'under

6

Rule 55(c) for setting aside a default is more lenient than the test under Rule 60(b) for setting aside a default judgment.'" (quoting Broder v. Charles Pfizer & Co., 54 F.R.D. 583, 583 (S.D.N.Y. 1971))). Moreover, "defaults are generally disfavored and are reserved for rare occasions." Enron, 10 F.3d at 96. As such, where "doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." Id.

Here, all three factors weigh in favor of setting aside the entry of default.

### 1. Defendant's Failure to Respond was not Willful

"To find that a default was willful, it must be clear that the defaulting party engaged in deliberate or egregious conduct." Argus Rsch. Grp., Inc. v. Argus Sec., Inc., 204 F. Supp. 2d 529, 531 (E.D.N.Y. 2002) (citing Gucci Am. Inc. v. Gold Ctr. Jewelry, 158 F.3d 631, 634-35 (2d. Cir. 1998); Am. All. Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996)). As such, "[n]egligence or carelessness does not amount to willfulness." Id. (citing SEC v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998)). Conversely, willfulness may be found "where the moving party [has] apparently made a strategic decision to default." Am. All. Ins. Co., 92 F.3d at 60 (quoting United States v. Erdoss, 440 F.2d 1221, 1223 (2d Cir. 1971)).

Here, Plaintiff characterizes Defendant's failure to respond as "intentional (or, at the very least, grossly negligent)." (Joint Letter at 2.) Defendant refutes this characterization and explains that it received Plaintiff's Complaint on July 18 and subsequently notified its San Antonio-based Outside Counsel, Jim Robinson (hereafter "Robinson"), of this fact on July 26. (Id. at 4.) The following day, on July 27, Defendant states that Robinson retained the law firm Kushnick Pallaci, PLLC, "who agreed to represent [Defendant] contingent on a conflict check." (Id.) Nevertheless, Defendant contends that Kushnick Pallaci "never followed up" with Robinson, and as such, "the matter was unintentionally neglected." (Id.) Defendant elaborates that Robinson claims "he never received notice of the Default [but] he did receive Notice of [Plaintiff's] Motion." (Id.) Upon receiving the notice of motion, Defendant states that Robinson "quickly retained Moritt Hock & Hamroff, LLP" to represent it in this matter. (Id.)

The Court finds that, while certainly negligent, Defendant's conduct in this case was not "willful, deliberate, or evidence of bad faith." See Am. Ins. Co., 92 F.3d at 61 (finding that two-month delay in responding to complaint caused by a clerk for in-house counsel was grossly negligent but not willful). Defendant asserts that after receiving notice of Plaintiff's Motion, it rectified its earlier carelessness and retained its

8

current counsel who timely responded to the Motion by filing its Answer within the 21-days allowed by the FRCP. See FRCP 7(d); see also In re FKF 3, LLC., 501 B.R. 491, 502 (S.D.N.Y. Bankr. Nov. 6, 2013) ("[E]ven where notice was adequate and the defaulting party failed to rebut the presumption of receipt, if the party responded promptly after learning of the action, courts have found that the party's default was not willful"); Argus Rsch. Grp., 204 F. Supp. 2d at 532 (holding that defendant's prior conduct was not willful where defendant had: (1) retained counsel after receiving notice of plaintiff's motion; (2) appeared in all subsequent proceedings before the court; and (3) expeditiously moved to vacate the Clerk's entry of default).

While the degree of negligence is an appropriate factor to consider, the Court notes that even gross negligence does not necessarily constitute willful conduct. See Sea Hope Navigation Inc. v. Novel Commodities SA, 978 F. Supp. 2d 333, 338 (S.D.N.Y. 2013) (citing McNulty, 137 F.3d at 738; Am. Alliance Ins. Co., 92 F.3d at 61). As such, even if Defendant's conduct is properly described as grossly negligent, it does not preclude granting relief, at most it "weighs somewhat against [Defendant]." Am. Ins. Co., Ltd., 92 F.3d at 61.

2. Plaintiff has not Adequately Demonstrated Prejudice

"[D]elay alone" is an insufficient basis for establishing prejudice. Davis v. Musler, 713 F.2d 907, 916 (2d

9

Cir. 1983). "Similarly, costs and legal fees in pursuing a default judgment, as well as the cost incurred with respect to countering a defendant's motion to vacate, do not constitute prejudice." Gesualdi v. Gayle Bard Landscapes, Inc., No. 10-CV-5762, 2011 WL 2457882, at *3 (E.D.N.Y. May 31, 2011). Instead, "'[p]rejudice results when delay causes the loss of evidence, create[s] increased difficulties of discovery or provide[s] greater opportunity for fraud and collusion.'" Sibley v. Choice Hotels Intern., Inc., 304 F.R.D. 125, 131 (E.D.N.Y. 2015) (quoting Ward v. Rimkalawan, No. 11-CV-4295, 2013 WL 1149068, at *5 (E.D.N.Y. Mar. 19, 2013)).

Here, Plaintiff avers that it has "incurred in excess of $7,000 to apply for a default judgment against [Defendant]." (Joint Letter at 2.) Additionally, Plaintiff asserts Defendant's delay has caused it to lose "significant time to enforce its rights and recoup its damages." (Id.) While unfortunate, time and cost alone are insufficient bases upon which to premise prejudice. See Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 174 (2d Cir. 2001) (finding "unpersuasive" plaintiff's argument that it has suffered prejudice where it had "incurred [] court costs and counsel fees" after "proceed[ing] to execute [a] default judgment"); see also OneWest Bank, N.A. v. Ruiz, No. 14-CV-3207, 2018 WL 1318983, at *3 (E.D.N.Y. Mar. 13, 2018) ("These considerations -- time and cost -- do not amount to prejudice.").

10

Since Plaintiff's only complaints relate to time and cost with no allegations as to loss of evidence, difficulties with discovery, or fraud, the Court finds that the lack of prejudice weighs in favor of vacating the Entry of Default.

3. Defendant Can Establish a Meritorious Defense

"A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense." Enron, 10 F.3d at 98. However, "[t]he test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." Id.

Here, Defendant contends that "Plaintiff was denied payment . . . because it utilized improper equipment and violated standard practices which caused extensive damage to a sewer line." (Joint Letter at 4.) Moreover, it argues Plaintiff performed work that was "outside the scope of the payment bond" and, as such, [was] not "due any payments under the payment bond." (Id.) Indeed, Paragraph 10 of the Payment Bond states that Defendant "shall not be liable to . . . [Claimants] or others for obligations of [DRG] that are unrelated to the Construction Contract." (Payment Bond, Ex. B, ECF No. 18-13, ¶ 10, attached to Mot.) Although the Payment Bond incorporates by reference the Construction Contract, relatedness is undefined in either document. (Id. ¶ 1.) Nevertheless, Article 2 of the Construction

11

Contract requires that all work performed under the contact be "perform[ed] . . . in a good and skillful manner in accordance with current good standards of practice." (Construction Contract, Ex. A, ECF No. 18-12, Art. 2.4, attached to Mot.)  Moreover, the work performed must "(without limitation): (a) conform to the Scope Documents; [and] (b) be of the quality required under the Scope Documents[.]" (Id., Art. 2.1.)

Since Defendant's liability is conditioned upon relatedness to the Construction Contract, evidence that Plaintiff's work was unrelated to the contract because it was outside the scope of the contract would appear to be a meritorious defense since proof of this fact at trial would bar recovery. See, e.g., Holland Indus., Inc. v. Adamar of N.J., Inc., 550 F. Supp. 646, 648 (S.D.N.Y. 1982) (noting that failure "to comply with a condition precedent to [an] alleged contract" bars recovery); 120 Greenwich Dev. Assocs., LLC v. Reliance Ins. Co., No 01-CV-8219, 2004 WL 1277998, at *13 (S.D.N.Y. June 8, 2004) (holding that plaintiff's failure "to comply with [] conditions precedent to [surety's] obligations under [a] bond" precluded plaintiff from "maintain[ing] the present action"); see also Annuity, Pension, Welfare and Apprenticeship Skill Improvement & Safety Funds of Intern. Union of Operating Eng'rs v. Colonial Sur. Co., No. 11-CV-00178, 2014 WL 4493803, at *3 (S.D.N.Y. Sept. 11, 2014) ("[A]

12

surety's obligations are limited to those it undertakes in its bond . . . .").

Further, Defendant also raises the existence of additional conditions precedent to liability "that Plaintiff failed to satisfy" with regards its notice of claim. (See Joint Letter at 4; Am. Answer ¶¶ 25-38.)

In sum, since any doubt at this stage of litigation should be resolved in favor of the Defendant, Enron, 10 F.3d at 96, Defendant's proffered meritorious defenses weighs in favor of vacating the entry of default.

### C. Plaintiff Cannot Satisfy the Procedural Requirements for a Default Judgment

In light of the Court's decision to vacate the Clerk's Entry of Default against Defendant, Plaintiff's Motion for Default Judgment is denied as Plaintiff can no longer establish the procedural requirements for a default judgment. See E.D.N.Y. Local Rule 55.2 ("[A] party seeking a judgment by default shall apply to the Court . . . and shall append to the application (1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment."); see also Kuklachev v. Gelfman, No. 08-CV-2214, 2009 WL 497576, at *4 (E.D.N.Y. Feb. 26, 2009) (vacating entries of default and holding that since the entries of default were vacated, plaintiffs could no longer satisfy the procedural requirements for

13

a default judgment); Jones v. N.Y.C. Dep't. of Hous. Pres. and Dev., No. 09-CV-2104, 2010 WL 572589, at *1 (E.D.N.Y. Feb. 11, 2010) (same).

## CONCLUSION

For the stated reasons, **IT IS HEREBY ORDERED that** Plaintiff's Motion for a Default judgment (ECF No. 18) is DENIED.

**IT IS FURTHER ORDERED that** the Clerk's Entry of Default (ECF No. 15) is VACATED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December 14, 2022
       Central Islip, New York